UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA MARIE FAKE, | : |
| Petitioner | : |
| v. | : CIVIL NO. 1:09-CV-1161 |
| DEPT. OF CORRECTIONS, et al., | : (Judge Caldwell) |
| Respondents | : |

*M E M O R A N D U M*

On June 18, 2009, Clifford Fake filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on behalf of his wife Tina Fake, who is the named petitioner in this action.[1] He has paid the five-dollar filing fee and has signed the Petition on his wife's behalf.[2] Mr. Fake asserts that his wife is mentally incompetent to proceed on her own and has authorized him to represent her interests in this matter. Doc. 1, Habeas Pet.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." 28 U.S.C. § 2242. Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that a petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." In *Whitmore v. Arkansas*, 495 U.S. 149, 162, 110 S.Ct. 1717, 1726, 109 L.Ed.2d 135 (1990), the Supreme Court noted that next friend standing "has long been an accepted basis for jurisdiction in certain circumstances,"

---

[1] The Court notes that Clifford Fake is also his wife's co-defendant.

[2] The pending motion for leave to proceed *in forma pauperis* (doc. 21) will be denied as moot based on Mr. Fake's payment of the filing fee.

and has most often been invoked "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." The Court stated that "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163, 110 S.Ct. at 1727. The would-be next friend must first prove that the real party in interest cannot pursue her own cause due to some disability such as mental incompetence or lack of access to court. *Id*. at 163-65, 110 S.Ct. at 1727-1728. Then, the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest. *Id*. at 163-64, 110 S.Ct. at 1727. Ultimately, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164, 110 S.Ct. at 1727.

In the present situation, although Clifford Fake is Tina Fake's husband, he is also her co-defendant. Therefore, it cannot be presumed that he is "truly dedicated" to her best interests. Furthermore, despite repeated requests from the Court for evidence of Tina Fake's present incompetence, Clifford Fake has failed to carry his burden to demonstrate, not just simply assert, that his wife is mentally unable to prosecute this action. *Whitmore*, 495 U.S. at 163-164, 110 S.Ct. at 1727. There is no current medical documentation as to Tina Fake's mental status, and the Court will not presume her incompetent. Under these circumstances, there is no basis for finding that Clifford Fake may bring and pursue this habeas action on his wife's behalf. As a result, this Court lacks jurisdiction and the Petition will be dismissed.

We will issue an appropriate order.

      /s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 19, 2011

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TINA MARIE FAKE,                          :
                                          :
            Petitioner                    :
      v.                                  :  CIVIL NO. 1:09-CV-1161
                                          :
DEPT. OF CORRECTIONS, et al.,             :  (Judge Caldwell)
                                          :
            Respondents                   :

O R D E R

AND NOW, this 19th day of December, 2011, it is ordered that:

   1. The petition for writ of habeas corpus filed by Clifford Fake on behalf of Tina Fake (Doc. 1) is dismissed for lack of standing.

   2. Clifford Fake's Motion to Withdraw his wife's guilty plea due to newly discovered evidence (Doc. 14) is dismissed for lack of standing.

   3. Clifford Fake's Motion for Leave to Proceed *in forma pauperis* (Doc. 21) is denied as moot.

   4. The Clerk of Court shall close this file.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge